**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4312

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHARLES ELLIOT NOBLES,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Dever III, District Judge.  (7:17-cr-00019-D-1)

Submitted:  February 1, 2024                    Decided:  February 7, 2024

Before WYNN, Circuit Judge, and MOTZ and KEENAN, Senior Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Joshua S. Kendrick, KENDRICK & LEONARD, P.C., Greenville, South Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, John L. Gibbons, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles Elliot Nobles appeals from his upward departure 240-month sentence.[1] Nobles originally pled guilty to brandishing a firearm in relation to a crime of violence and discharging a firearm in relation to a crime of violence and was sentenced to 264 months in prison. On appeal, we vacated his conviction for discharging a firearm and remanded for resentencing on the remaining count. Nobles contends that the sentence imposed on remand was unreasonable. We affirm.

We "review[] all sentences—whether inside, just outside, or significantly outside the [Sentencing] Guidelines range—under a deferential abuse-of-discretion standard." *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (cleaned up). We first consider "whether the district court committed significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *United States v. Lester*, 985 F.3d 377, 384 (4th Cir. 2021) (cleaned up). If we find the sentence procedurally reasonable, we review the substantive reasonableness of the sentence, "examin[ing] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Arbaugh*, 951 F.3d 167, 176 (4th Cir. 2020) (internal quotation marks omitted).

---

[1] The Sentencing Guidelines range was 84 months.

2

"Where, as here, the sentence is outside the advisory Guidelines range, we must consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *United States v. Nance*, 957 F.3d 204, 215 (4th Cir. 2020) (internal quotation marks omitted). "A major departure should be supported by a more significant justification than a minor one," *United States v. Provance*, 944 F.3d 213, 217 (4th Cir. 2019), and "the farther the court diverges from the advisory [G]uideline[s] range, the more compelling the reasons for the divergence must be," *id.* at 220 (cleaned up). However, we still "must give due deference to the district court's decision that the 18 U.S.C. § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* at 217 (cleaned up).

"Sentencing courts remain obligated not to give excessive weight to any relevant factor and to impose a sentence which effects a fair and just result in light of the relevant facts and law." *United States v. Tucker*, 473 F.3d 556, 562 (4th Cir. 2007) (cleaned up). A district court imposes a substantively unreasonable sentence when it "focuse[s] extensively on a single factor . . . at the expense of a reasoned analysis of other pertinent factors." *United States v. Howard*, 773 F.3d 519, 531 (4th Cir. 2014) (concluding that extensive emphasis on defendant's early criminal history rendered sentence substantively unreasonable).

Nobles first argues that the district court erred in arriving at his departure sentence because he was not afforded sufficient notice under Fed. R. Crim. P. 32(h) of the district court's intention to depart upward based upon dismissed and uncharged conduct. Because

3

Nobles did not object to the lack of notice in the district court, review of this issue is for plain error. *United States v. Muhammad*, 478 F.3d 247, 249 (4th Cir. 2007).

Rule 32(h) requires the sentencing court to give the parties reasonable notice when it is considering a departure on a ground not identified as a possible basis for departure either in the presentence report (PSR) or in a party's prehearing submission. Because the district court imposed a departure sentence based on the same grounds identified by the PSR,[2] the district court was not required to provide Rule 32 notice. Moreover, even if the notice was insufficient, Nobles cannot show plain error. Specifically, he has not shown that his substantial rights were violated. *See id.* at 249 (requirements for showing plain error). Nobles does not present any potentially different arguments he could have made had he been given earlier notice. Moreover, the transcript of the sentencing hearing makes clear that both counsel and Nobles expected a departure or variance sentence, and in fact, counsel requested a sentence (204 months) that was an upward departure. In addition, counsel argued against a large departure by urging a focus on Nobles' rehabilitation, rather than actually contesting Nobles' responsibility for or the seriousness of the uncharged or dismissed counts. Because Nobles does not make a showing that notice would have altered his arguments or resulted in a different sentence, he has failed to show plain error in this regard.[3]

---

[2] The original PSR was updated with an addendum but remained mostly intact.

[3] Since the district court explicitly indicated that it would have imposed a 240-month variance sentence if this Court found its departure sentence to be unreasonable, timely (Continued)

4

Nobles next argues that his sentence was procedurally unreasonable because the district court did not appropriately explain the large upward departure. However, Nobles' argument is somewhat disingenuous as he recognized at sentencing that a Guidelines sentence was not appropriate in this case and agreed that he would face a departure or variance. In particular, Nobles requested a 204-month sentence, well above the 84-month Guidelines sentence. Thus, while the district court imposed a longer sentence than requested by Nobles, a large portion of the departure was undisputed.

Next, the court did, in fact, consider Nobles' arguments for a lower sentence. The court explicitly addressed his cooperation and his restitution payments as mitigating circumstances. The court rejected the assertions that Nobles' sentence should be lowered for his infraction-free stint in prison or his difficult childhood. The court recognized Nobles' positive developments over the last five years and balanced those against the serious nature of his criminal activity. Given the district court's extensive discussion, we find that Nobles' sentence was procedurally reasonable.

Next, Nobles argues that his sentence is substantively unreasonable. The district court's admittedly heavy reliance on Nobles' criminal conduct must be viewed in light of the fact that Nobles was the leader of a conspiracy that committed numerous violent armed robberies. This type of behavior indicates a significant need to deter Nobles from committing further criminal conduct, 18 U.S.C. § 3553(a)(2)(B) and to protect the public,

---

issuance of Rule 32 notice is essentially immaterial. *See Irizarry v. United States*, 553 U.S. 708, 714 (2008) (holding that upward variances do not require Rule 32(h) notice).

18 U.S.C. § 3553(a)(2)(C).  Moreover, the nature and circumstances of the offense are indisputably important concerns in sentencing.  *See United States v. Friend,* 2 F.4th 369, 381 (4th Cir. 2021) ("[I]t is clearly permissible for a sentencing court to weigh the gravity of the offense or the impact a defendant's crimes have had on a community and to vindicate that community's interest in justice.") (internal quotation marks omitted).  Given that the court also explicitly took into consideration countervailing factors, the court did not "give excessive weight" to the considerations raised by Nobles' criminal activity, including his count of his conviction and his uncharged and dismissed counts.  *See Howard*, 773 F.3d at 531 (internal quotation marks omitted).  Moreover, the large departure must be viewed in the context of the entire statutory sentencing range which begins at 84 months but has an upper limit of life in prison.  *See United States v. Martinez-Armestica,* 846 F.3d 436, 447 (1st Cir. 2017).  After consideration of the totality of the circumstances, we find that Nobles' sentence was substantively reasonable.

Accordingly, we affirm.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*